(Decided 6th February, 1880.)

JULIAN J. ALEXANDER *vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*Section 160 of Art. 1 of the Public. Local Laws, repealed by the Act of 1866, ch. 157—Liability for Taxes—Effect of a Decision on the same question but not between the same Parties—Construction of Art. 1, sec. 11, of the Public General Laws—Repeal of Laws.*

The appellant, a resident of Baltimore City, was assessed by the appellee with certain shares of stock, owned by him, of the George's Creek Coal and Iron Co., a corporation doing business in Allegany Co., and taxes on these shares for the year 1877, were levied for municipal purposes.  In an action of *assumpsit* brought by the appellee against the appellant, to recover these taxes, it was HELD:

1st.   That a decision of the Circuit Court for Allegany Co., in a case between the County Commissioners of that county and the George's Creek Coal and Iron Co., whereby it was decided, that Art. 1, sec. 160, of the Public Local Laws, relating to Allegany Co., which provided, that "the incorporated institutions and companies in

said county—whether they shall or shall not have declared any dividends or earned any profits—shall pay the State and county taxes levied upon the assessed value of their capital stock held by stockholders, residents or non-residents of said county; but the holders of said stock shall not be liable to taxation upon the stock held by them," was still in existence, and operated to relieve the company from the liability set up in that suit under sec. 16, of the Act of 1876, ch. 260, providing for the general valuation and assessment of property in this State, *quoad* that claim, was conclusive as between the parties to that suit; but that such decision in no way bound the appellee.

2nd. That sec. 160, of Art. I, of the Public Local Laws, was repealed by the Act of 1866, ch. 157, providing for the general valuation and assessment of property in this State; and that such being the case, the appellant is liable for the taxes sued for by the appellee.

Art. I, sec 11, of the Public General Laws, which provides, that "where the general public law and the local public law of any county, city, town or district are in conflict, the public local law shall prevail," was never intended to remove local laws from the effect and operation of the ordinary rules of construction, derived from the common law, when applied to subsequent legislation. If the intention of the Legislature in the passage of later laws, by its language clearly indicates, either expressly or by necessary implication, a purpose to substitute a new scheme of laws for the pre-existing law, general and local, or to repeal the local, by the adoption of a new general law, clearly intended to operate equally throughout the State, the local law must yield to that intention thus ascertained. As respects the general and local laws-adopted by the Code, it declares the intention to be, that the local law shall have precedence. As respects subsequent legislation, the rule becomes but the declaration of the common law rule, that local laws or special laws, shall not be held repealed, except by clearly indicated purpose on the part of the Legislature.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and IRVING, J.

*Julian J. Alexander* and *Thales A. Linthicum,* for the appellant.

*James L. McLane,* for the appellee.

IRVING, J., delivered the opinion of the Court.

George's Creek Coal and Iron Company, is a mining company, incorporated by chapters 328 and 382 of the Acts of the General Assembly of Maryland, passed at December session, eighteen hundred and thirty-five, and conducts its business in Allegany County, in this State. The appellant, owning one hundred and eighty-one shares of that company's stock, of the par value of one hundred dollars, and living in Baltimore City, was by the proper authorities of the city assessed therewith, and taxes thereon for the year eighteen hundred and seventy-seven, were levied, amounting to the sum of three hundred and sixteen dollars and seventy-five cents, for municipal purposes.

The appellant having neglected to pay these taxes, the Mayor and City Council brought an action of *assumpsit* in the Court of Common Pleas to recover them. The case was submitted to the Court, without the intervention of a jury, on an agreed statement of facts so as to raise the question whether section one hundred and sixty of Art. 1 of the Local Code for Allegany County, on which the appellant based his defence, was or was not repealed by legislation subsequent to the adoption of the Code.

The appellant insists that by section one hundred and sixty of the Local Code for Allegany County, the taxes on the stock which he owns are to be levied in Allegany County, according to its rate of levy, and are made payable in Allegany County to the authorities of that county, and are made payable by the company direct, on behalf of the stockholders wherever they may reside. The appel-

lant also contends that the question of his liability individually has already been decided, in a suit in Allegany County, brought by the Commissioners of that County against the George's Creek Coal and Iron Company, wherein it was decided by the Circuit Court of that county, that the local law referred to, was still in existence, and operated to relieve the company from the liability set up in that suit. The appellee holds the local law of Allegany County on that subject to be repealed, and denies that the decision of the Court in Allegany County is any bar to this suit, or affects the question in any way, except in so far as it may be cited as a judicial opinion on the questions involved in this case.

Differing in opinion from them as we do, upon the questions discussed by that learned Court, in the opinion accompanying the record of that case, which has been, by consent, made a part of the record in this case, we can see no reason why we are bound thereby in the decision of this case. That suit was for an entirely different subject-matter, and between different parties. The County Commissioners of Allegany County sued the George's Creek Coal and Iron Company, for the penalty alleged to be incurred by the company, through the neglect of its officers to make the report to the County Commissioners of Allegany County as required by the sixteenth section of the Acts of 1876, ch. 260, of the names of the stockholders in the company residing in that County, and of such who were not residents of the State. It is true, that the Court determined that by reason of the local law of Allegany County, section (160) one hundred and sixty, the company was not bound to comply with the provisions of the Act of eighteen hundred and seventy-six, and thereby virtually decided the question here involved, so far as they could do so; and it is also true, that no appeal having been taken, *quoad* that claim for the period indicated in the proceedings recited, it is conclusive between the parties;

but it in no way bound the City of Baltimore, which, so far as the matter then in controversy was concerned, had no interest whatever, and is here suing for taxes due to the city, as is claimed, from a stockholder in that company residing in Baltimore, subject to its municipal jurisdiction and liable for his proportion of municipal expenses. The fact that there was no appeal from that judgment makes no difference, for Baltimore City was not a party to the suit, and could not appeal, and could not by any process have compelled the County Commissioners of Allegany County to appeal. That judgment, therefore, interposes no obstacle to this suit.

We cannot accord to section 11, Art. 1, of the Code of Public General Laws, the effect which is claimed for it by the appellant, and which was accorded to it by the Circuit Court for Allegany County. The adoption of a whole system of laws, general and local, at one time and by one Act of the Legislature, made it necessary that some imperative rule of interpretation should at the same time be enacted, by which the possible conflict between general and local laws thus enacted could be solved. Being enacted simultaneously there would be no opportunity of applying the common law rule, that in cases of repugnancy which could not be reconciled between two statutes, the later in date should operate to repeal the earlier law, by implication ; hence it was declared that in cases of conflict between public and local laws thus enacted, the local law should prevail. That rule was never intended, and has never been held by this Court, to remove local laws from the effect and operation of the ordinary rules of construction derived from the common law, when applied to subsequent legislation. If the intention of the Legislature in the passage of later laws, by its language clearly indicates, either expressly or by necessary implication, a purpose to substitute a new scheme of laws for the pre-existing law, general and local, or to repeal the local by

the adoption of a new general law, clearly intended to operate equally throughout the State, the local law must yield to that intention thus ascertained. As respects the general and local laws adopted by the Code, it declares the intention to be, that the local law shall have precedence. As respects subsequent legislation, the rule becomes but the declaration of the common law rule, that local laws or special laws shall not be held repealed except by clearly indicated purpose on the part of the Legislature. This is settled by the case of *Willing & Mezick vs. Bozman,* 52 *Md.,* 44. It was there decided that the local law of Wicomico County on the subject of oysters and dredging, passed in 1872, was repealed by the general law, passed in 1874, on the same subject. In the Act of 1874, there was no express repeal of the local statute, but the provisions of the general law of 1874, were held irreconcilably repugnant to the local law of Wicomico and the latter was held repealed by it. Having determined what is the true construction and effect of sec. 11, of the Rules of Interpretation, we will proceed with the inquiry whether section 160, of the local laws of Allegany County, was in force when the appellee's suit was brought, or the taxes were levied. That section reads thus: " The incorporated institutions and companies in said county, whether they shall, or shall not have declared any dividends or earned any profits, shall pay the State and county taxes levied upon the assessed value of their capital stock held by stockholders, resident or non-resident of said county; but the holders of said stock shall not be liable to taxation upon the stock held by them." The effect of this provision is to make the company liable to pay all the taxes which the stock in the hands of the individual owners would be charged with; so that the State would get its taxes all at once, and Allegany would get all the county taxes, which would otherwise be distributed among the various counties or cities where the stockholders lived. The section of the Act of

1853, ch. 348, of which this professed to be a codification merely, was materially different. It only provided for the payment of the county tax, by the company, of those of the stockholders who resided in Allegany County or who were non-residents of the State. Whether the change was made by accident or design the result was the same, for as it was adopted in the Code it became the law for that county, and to the extent of its inconsistency with any provisions of the general law adopted at the same time, it took precedence. Between the second section of the Act of 1853, ch. 348, and the Act of 1852, as codified in the 97th section of Article 81 of the Code, there was no serious inconsistency; but between the 97th section of Article 81 of the Code and this section 160 as it stands in the Local Code, Article 1, there is serious conflict. The fact that from 1860, when the change was made, to 1867, the taxes were charged to, and paid by the stockholders in their respective counties or cities where they resided indicates that the change was inadvertently made. Still it was made and unless subsequent legislation repealed it, the appellant cannot be made answerable in this suit by the City of Baltimore against him.

After this local section of the Allegany Code was passed, it was deemed necessary by the Legislature to have a new assessment of all the property in the State. Accordingly the Act of eighteen hundred and sixty-six, chapter 157, was passed (1866, ch. 157.) The first section of that Act provides "that, *all property*, real, personal and mixed, of all kinds and description whatever, *in this State*, shall be liable to valuation and assessment, and *shall be chargeable with taxes* according to the *provisions of this Act.*" The second section of this Act divides the City of Baltimore and the several counties including Allegany by name, into districts for more expeditious assessment. The third section provides for the appointment of assessors for all

these districts created by the second section. The fourth section provides the form of an oath for these assessors by which they are made to swear, that they will faithfully execute *the provisions of that law* and value and assess the property in accordance with its provisions. By the ninth section they were " to inform themselves by diligent inquiry " of all property in their districts liable to taxation, and of all " bank stocks and other stocks owned by each individual," and the value thereof was to be by them ascertained and assessed. The tenth section required every assessor to make each individual make full return on oath of every thing owned by him or under his management. The eleventh section prescribed a penalty against persons refusing or neglecting to render such statement under oath, and requires the assessors on their own knowledge, and from the best information procurable, to assess such persons. The fourteenth and fifteenth sections make provision for the ascertainment and assessment of the stock of non-residents in the various private corporations in this State, and fixes where such persons are to be taxed. The thirty-third section contains this language, " that so much of the several Acts heretofore passed in relation to the valuation and assessment of property in this State, as may come in conflict with the provisions of this Act, and all laws exempting property from valuation shall be, and the same are hereby repealed."

This condensed summary of the main provisions of this Act of 1866, demonstrates the impossibility of literally and faithfully executing the provisions of the Act, if the one hundred and sixtieth section of Article one, of the Code of Local Laws, title, Allegany County, be not repealed thereby.

The first section declares that all the property in the State, everywhere without exception, is to be assessed according to the provisions of the Act.

The second section, by name, includes Allegany County, and districts it for the purpose of assessment. So that

Allegany County was to be subject to the provisions of this law. No exception is made in respect to that county, and the assessors are given no directions by which they can apply any other rule to any property located or owned in that county, or issuing from any incorporated body in that county, that they did not apply and were bound to apply everywhere else.

How could the assessors, who were sworn to assess every individual with his stock in any private corporation, escape under their oath, assessing stockholders in Baltimore or in the various counties, with such stock as they might own in companies doing business in Allegany County? Impossible. The assessors were bound to assess to the individual shareholders. No provision was made for assessing the stock in gross to the corporation. By their oath they were confined to this law, and could not act under any other. They were actually required to assess non-resident stockholders in their own names, but the corporations were required to pay the taxes for such stockholders in such corporations as were not residents of the State.

The requirement of the assessors to assess each individual wherever found, in the place where he lived, with the stock he might own in any such corporation was imperative; and it indicated a clear purpose to make every body wherever residing pay taxes on his personal property in the place where he resided, according to the rate of taxation which the needs of the municipal organization might make it necessary to adopt, and not thereafter to permit another jurisdiction to withdraw from it, and take to itself taxes from a person who enjoyed the benefits and protection of the laws of another municipality, and was bound to assist in supporting it. It intended to make every person bear his proportion of the burdens of taxation necessary for the city or county where he might reside.

From this comparison of the provisions of the Act of 1866, and the one hundred and sixtieth section of the

Local Code for Allegany County, it is very clear that they are so inconsistent that the two laws cannot both stand; and it is equally clear that the Legislature intended to substitute the Act of eighteen hundred and sixty-six for all other previously existing laws on the subject of assessment and taxation; and that purpose is expressly declared in the repealing clause of that Act which we have quoted. We find therefore, that this Act of 1866 repealed the local law of Allegany County by which appellant defends. Having been so repealed there is no law by which it has been restored. With the view we take of the Act of eighteen hundred and sixty-six, and its effect on the local law in question, it is not necessary for us to consider and analyze the provisions of the Act of 1874, which repeals Article 81 of the Code and enacts a new revenue Article, which is claimed to repeal it if the Act of 1866 does not. Nor need we extend this opinion by considering the effect of the Act of 1876, chapter 260, for which the same effect is claimed; because it is conceded that the appellant is liable for the taxes sued for unless the local law of Allegany County is in force to protect him, and we have already determined that the Act of 1866 repealed it. Whether the Act of 1866 be regarded in the light of its irreconcilable repugnancy to the provisions of the Local Code of Allegany County; or in the light of a clearly indicated purpose on the part of the Legislature to substitute a new scheme of provisions to cover the subject of taxation and regulate it; the one hundred and sixtieth section of the local Code of Allegany must be held as repealed.

For further elucidation of the view we have taken of this subject of repeal by substitution, we refer to *Montel's Case* in 39 *Md.*, 164, where all the authorities are collated and considered at length.

*Judgment affirmed with costs.*

(Decided 9th February, 1880.)