State *vs.* Falkenham.

(Decided 18th June, 1891.)

---

STATE OF MARYLAND *vs.* CASPAR FALKENHAM.

*Cruelty to Animals—Act of 1890, ch. 198—Repeal of sec. 242 of Art. 4 of Public Local Laws.*

The Act of 1890, ch. 198, which makes cruelty to any animal a misdemeanor, and leaves it to the Courts to impose the common

law penalty of fine or imprisonment or both, according to circumstances of aggravation in each case, is a general law on the subject of cruelty to animals applicable to the whole State, and supersedes section 242 of Article 4 of the local law of Baltimore City, which punishes the offence of cruelty to animals, by a fine of not less than five dollars, nor more than twenty dollars, however aggravated or brutal the act of cruelty.

APPEAL AS UPON WRIT OF ERROR, from the Criminal Court of Baltimore.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, McSHERRY, and BRISCOE, J.

*Louis Hochheimer*, for the appellant.

No appearance for the appellee.

MILLER, J. delivered the opinion of the Court.

Falkenham was indicted in the Criminal Court of Baltimore under the recent Act of 1890, ch. 198 " in relation to cruelty to animals." The indictment is very brief, and simply charges that on the 4th of October, 1890, he " with force and arms, at the city aforesaid, unlawfully and *willfully*, did then and there engage in an act of cruelty to a certain animal, to wit, a horse; contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government, and dignity of the State." To this a general demurrer was interposed, which the Court sustained, quashed the indictment, and gave judgment discharging the defendant. The State's Attorney thereupon filed a petition to have the record of the case removed to this Court as upon writ of error. This application was allowed, and the case is accordingly before us for review. It has been

State *vs.* Falkenham.

argued on the part of the State, but no counsel has appeared on behalf of the defendant.

In the petition for removal, the errors assigned are, 1st, that the Court gave judgment sustaining a demurrer to the indictment. 2nd, that by said judgment the Court determined that said indictment was insufficient in law, whereas the same was in all respects good and sufficient; and 3rd, that in thus sustaining the demurrer the Court ruled that an indictment will not lie in Baltimore City for the matters charged in said indictment, whereas under the Act of 1890, ch 198, such indictment will lie.

The last assignment of error is the most important, because we understand from it that the learned Judge of the Court below took the view that the local law of Baltimore City (1 *Code Public Local Laws, Art.* 4, *sec.* 242,) codified from the Act of 1880, ch. 129, is the only law under which an indictment of this character can be framed. This section provides that "whoever shall unnecessarily overdrive, overwork, torture, torment, deprive of necessary sustenance, cruelly or unmercifully beat, cruelly mutilate, or cruelly kill, or cause or procure to be so unnecessarily overdriven, overloaded, overworked, tortured, tormented, deprived of necessary sustenance, cruelly or unmercifully beaten, mutilated or killed, any *horse*, ox, or other animal shall be punished" by a certain fine of not less than five nor more than twenty dollars. It may well be that the indictment would be defective if it were framed under this local law, and there were no other statute to support it. But as we have said it was framed under the Act of 1890, ch. 198. This Act, it must be observed, was passed not only long after the local Act of 1880, ch. 129, but after the adoption of the Code of Public Local Laws. It is a *general law* on the subject of cruelty to animals, applicable to the whole State. By its first section it provides

30                    v. 73.

State *vs.* Falkenham.

that "any person who *willfully* sets on foot, instigates, or *engages in,* or in any way furthers *any act* of cruelty to *any animal,* or any act tending to produce such cruelty, or by any act, conduct, neglect or omission *willfully* causes, permits or suffers any animal to undergo any species of torture or cruelty, shall be deemed guilty of a misdemeanor;" and the second section declares "that the words *torture or cruelty* shall be held to include everything whereby *unjustifiable* physical pain, suffering, or death is caused or permitted, and the word *animal* shall be held to include every living creature except man."

The Legislature has thus declared its will in the most comprehensive terms. No specific penalty is attached as in the local law, but it is left to the Courts to impose the common law punishment of fine, or imprisonment in jail, or both, according to the circumstances of each case as it arises. We assume that the Court below, in holding that the local law was still in force, relied upon section 11, Art. 1, of the Code, which declares that "where the public general law and the public local law of any county, city, town or district, are in conflict, the Public Local Law shall prevail." The construction and effect of this section has been passed upon by this Court in several cases. We have said that "the adoption of a whole system of laws, general and local, *at one time, and by one Act of the Legislature,* made it necessary that some imperative rule of interpretation should at the same time be enacted by which the possible conflict between general and local laws *thus enacted* could be solved. Being enacted *simultaneously,* there would be no opportunity of applying the common law rule that in cases of repugnancy which could not be reconciled between two statutes the later in date should operate to repeal the earlier law by implication ; hence it was declared that, in cases of conflict between public and local laws, *thus*

*enacted*, the local law should prevail.   That rule was never intended, and has never been held by this Court, to remove local laws from the effect and operation of the ordinary rules of construction derived from the common law when applied to *subsequent* legislation.   If the intention of the Legislature in the passage of later laws, by its language clearly indicates, either expressly or by necessary implication, a purpose to substitute a *new scheme* of laws for the pre-existing law, general and local, or to repeal the local by the adoption *of a new general law*, clearly intended *to operate equally throughout the State*, the local law must yield to that intention thus ascertained.   As respects the general and local laws *adopted by the Code*, it declares the intention to be that the local law shall have precedence.   As respects subsequent legislation, the rule becomes but the declaration of the common law rule that local laws or special laws shall not be held repealed except by clearly indicated purpose on the part of the Legislature.'' *Alexander vs. Mayor and C. C. of Balto.*, 53 *Md.* 104.   See also *Willing and Mezick vs. Bozman*, 52 *Md.* 44; *State vs. Northern Central Railway Co.*, 44 *Md.*, 167; *Appeal Tax Court of Baltimore City vs. Western Maryland R. R. Co.*, 50 *Md.* 296; and *Montel & Co. vs. Consolidation Coal Co.*, 39 *Md.* 164.

Here, we think, the Legislature has clearly manifested its purpose and intent to adopt an entirely new and comprehensive law on the subject of cruelty to animals, one that operates equally throughout the whole State, and supersedes all *previous* laws, whether general or local, on the same subject.   It is inconsistent with the local law of Baltimore City in the important matter of punishment.   Under the local law no act of cruelty, however aggravated or brutal, can be punished by more than a fine of $20, nor in any case can a fine of less than $5 be imposed.   But the new law leaves it to the Courts to impose the common law penalty of fine or im-

prisonment, or both, according to circumstances of aggravation in each case. We are all of opinion the new law supersedes the section of the local law to which we have referred.

The indictment being then framed under this law, we discover no defect in it. It follows the language of the Act, and that is all that is necessary in the case of a *statute like this*. It makes the willfully *engaging in any act of* cruelty to any animal a *misdemeanor*. The indictment charges that the defendant did willfully and unlawfully engage in an act of "cruelty to an animal, to wit, a horse." It is a familiar rule of criminal pleading that, where the act charged is *in itself illegal, or made so by statute,* the means and instruments made use of to accomplish it are not matters of pleading, but of proof. It is only where the act charged is not in itself unlawful but becomes so by other facts connected with it, that the facts in which the illegality consists must be set out. *State vs. Dent,* 3 *G. & J.,* 8; *Cearfoss vs. The State,* 42 *Md.* 406.

We are therefore of opinion there was error in sustaining the demurrer to this indictment, and in the judgment discharging the defendant. He must be held to plead to the indictment, and stand his trial, and to that end we reverse the judgment and remand the cause.

*Judgment reversed, and*
*cause remanded.*