WM. F. LEITCH ET AL. *vs.* THOMAS LEITCH ET AL.

*Devisee of Land May be Attesting Witness of the Will.*

A devisee of land who is one of the attesting witnesses of the
will is a competent witness to prove the will, and the devise
to him is valid.

The provision of the statute of 25 George II, Ch. 2, formerly
in force in Maryland, to the effect that a devise to an attest-
ing witness shall be void, was repealed, because inconsistent
with and omitted from, the Act of 1798, Ch. 101 (Code, Art.
93, sec. 317), providing merely that all devises of land shall
be attested and subscribed in the presence of the testator by
two or more credible witnesses, and under the Evidence Act of
1864, Ch. 109 (Code, Art. 35, sec. 1), which removes the dis-
qualification of witnesses to testify on account of interest, a
party who takes a benefit under a will is competent to
prove it.

*Decided January 12th, 1911.*

Appeal from the Circuit Court for Anne Arundel County
(BRASHEARS, J.).

The cause was argued before BOYD, C. J. BRISCOE,
PEARCE, SCHMUCKER, BURKE, PATTISON and URNER, JJ.

*Robert Moss,* for the appellants.

*James W. Owens* and *James M. Munroe,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The record in this case shows that Franklin Leitch of Anne Arundel County, died in the month of August, in the year 1909, leaving a last will and testament, which was on the 10th day of May, 1910, duly admitted to probate by the Orphans' Court of Anne Arundel County.

The testator never married, and left surviving him, as his heirs at law, three brothers, one sister, and several nephews and nieces, the children of a deceased brother.

By his will, he devised to his brother, Thomas Leitch, "the property known as 'Tracey's Farm,' consisting of a store, stock of goods and dwellings." To his brother, Manton Leitch "the property known as Town Point, consisting of house, store and stock of goods." To his sister, Mrs. Cunningham, his brother Wm. F. Leitch, and the heirs of his brother Columbus C. Leitch, he gave his "bank accounts" and "a balance of claim of Sam'l Leitch" to be equally divided between them.

Thomas Leitch, a brother, and Annie E. Leitch, are the two subscribing witnesses to the will, and it was upon their evidence, under oath, that the Orphans' Court of Anne Arundel County admitted the will to probate and decreed it to be the genuine last will and testament of Franklin Leitch, deceased.

The question for our determination on the record, is the validity or invalidity of the first clause of the will, which devised to Thomas Leitch the farm known and called "Tracey's farm," containing sixty-four acres of land more or less and improved by a store and dwellings.

This question is raised by a demurrer to a bill in equity, for a sale of this tract of land for purposes of partition, among the heirs at law, of the testator, and the bill avers, that Thomas Leitch, one of the devisees, being a witness to the will, the attempted devise to him of the real estate in question is absolutely null and void. In other words, it is

urged upon the part of the appellants, that because Thomas Leitch is an attesting witness and a beneficiary under the will, he can take no interest to the land under it by virtue of the Statute of 25 George II, Chapter 2, which is claimed to be in force in this State.

· There can be no question that if this statute (25 George II) is in force here, that the devise in question would "be utterly null and void" because the statute so declares in express terms. It provides, that if any person shall attest the execution of any will or codicil which shall be made after the 24th day of June, in the year 1752, to whom any beneficial devise, legacy, estate, interest * * * or affecting any real or personal estate other than and except charges on lands, tenements or hereditaments for payment of any debt or debts, shall be thereby given or made, such devise, legacy, estate * * * shall so far only as concerns such person attesting the execution of such will or codicil or any person claiming under him, *be utterly null and void;* and such person shall be admitted as a witness to the execution of such will or codicil, within the intent of the said Act, notwithstanding such devise, legacy, estate, interest, gift, mentioned in such will or codicil." *Alexander British Statutes,* 781.

A legacy to a subscribing witness to a will or codicil of personalty is held to be good because a will of personalty did not require witnesses at that date. *Emanuel* v. *Constable,* 3 Russ. 436; *Foster* v. *Banbury,* 3 Sim. 40.

This statute was passed in 1752, but according to its provisions, did not go into effect, in any of "the Colonies or Plantations, in America," or apply to wills made before the first day of March, 1753. The title of the Act, is, "An Act for avoiding and putting an end to certain doubts and questions relating to the attestation of wills and codicils concerning real estates in that part of Great Britain called England and in his Majestys Colonies and Plantations in America."

No doubt can, then, be entertained, that this was the law of Maryland until the year 1798, when the General Assem-

bly of Maryland, by Chapter 101 of the Acts of 1798, adopted and passed an entirely new system of laws and regulations concerning last wills and testaments, in lieu of and as a substitute for the existing laws and English statutes then in force, relating to wills.

This Act (Cap. 101, 1798), is in part, as follows: "An Act for amending and reducing into system the laws and regulations concerning last wills and testaments, the duties of executors, administrators and guardians, and the rights of orphans and other representatives of deceased persons.

"Whereas the laws and regulations relative to the estates of deceased persons, comprehending a great variety of subjects, and interesting to citizens of every description not only have become complicated and difficult to be understood but are found by experience to be greatly inadequate to the purposes for which they were framed.

"Sec. 2. Be it enacted by the General Assembly of Maryland, that every provision, rule, or regulation, contained in any Act of Assembly heretofore passed or in any English statute, introduced, used or practised under in this State, which is inconsistent with or repugnant to anything contained in this Act be and it is hereby repealed and rendered utterly void and of no effect.

"Sec. 3. And be it enacted, that the following rules, orders and regulations, shall be taken, held and considered, in all Courts, tribunals and offices, and by all Judges, Justices and Officers in this State to be the law of the land.

"Sec. 4. All devises and bequests of any lands or tenaments, devisable by law, shall be in writing, and signed by the party so devising the same or by some other person in his presence, and by his express direction and shall be attested and subscribed in the presence of the said divisor by three or four credible witnesses or else they shall be utterly void and of no effect."

Now it appears, by section 309, of Article 93, of the Code of 1860, title testamentary law that every last will and

testament executed in due form of law after the 1st day of June, 1850, should pass all the real estate which the testator had at the time of his death and this section is now section 329 of Article 93 of the Code of 1904.

Sec. 4 (*supra*) of the Acts of 1798, will be found in *totidem verbis* in the Codes of 1860, 1878, 1888, and is now codified as section 317 of Article 93 of the Code of 1904, and provides, that all devises of lands, etc., shall be attested and subscribed in the presence of the devisor by two or more credible witnesses or else they shall be utterly void and of none effect, the only change being in the number of witnesses and its application to both real and personal property. The Codes of 1860 and 1888 were adopted in lieu of and as a substitute for all the Public General Laws then in force in the State.

The legal requirements for a valid will to pass real estate in Maryland and the restrictions thereon, now in force, are clearly set out in Article 93, sections 314 to 329 of the Code of Public General Laws (1904) and need not be referred to here, except to say, that there is nothing in any of their requirements, formalities or restrictions to the effect, that an attesting witness cannot be a beneficiary under a will. If the Legislature of Maryland had intended at anytime to have imposed this restriction upon devises to attesting witnesses, it would have so provided in express terms or specially declared by the Act of 1798, Chapter 101, that this restriction should continue to be in force and effect, in this State, as provided by 25 George II, Ch. 6.

But apart from this, we think, the Act of 1864, Chapter 109, commonly called the Evidence Act, is a complete answer to the appellant's contention, in this case, because, under this Act a party who takes an interest under a will is clearly competent to prove it.

In *Estep* v. *Morris,* 38 Md. 417, it was said: "But most of the disabilities imposed by the common law, have been removed by the Act of 1864, Chapter 109, and especially has

incompetency on account of interest been swept away. Un-
less that Act excepts from its operation witnesses to wills,
we think it clear that parties who take an interest under a
will are competent witnesses to prove it. That Act provides,
that "No person offered as a witness, shall hereafter be ex-
cluded by reason of incapacity from crime, or interest, from
giving evidence, either in person or by deposition, according
to the practice of the Courts, in the trial of any issue joined
or hereafter to be joined, or of any matter or question, or
on any inquiry arising in any suit, action or proceeding,
civil or criminal, in any Court, or before any judge, jury,
justice of the peace, or other person, having by law or by
consent of parties, authority to hear, receive and examine
evidence; but that every person so offered may and shall be
admitted to give evidence, notwithstanding that such person
may or shall have an interest in the matter in question, or
in the event of the trial of any issue, matter, question or
inquiry, or of the suit, action or proceeding in which he is
offering as a witness," etc. The Court, further said, in deal-
ing with this question, the only objection urged to the valid-
ity of this will, is that Morris was an incompetent witness,
he having been named by the will executor and guardian.
Persons offering as witnesses in such a "proceeding" or "in-
quiry" are by the very terms of the Act made competent,
notwithstanding they may be interested in establishing the
will.  Parties having an interest may also, by the express
terms of the Act of 1864, testify "on the trial of any issue."
If competent to testify on the trial of such issues in the
Court, can it be consistently held that they are incompetent
to testify in the Orphans' Court, or that they were not com-
petent subscribing witnesses to the will at the time of its
execution? We think it clear, that at common law, there
could be no incompetency of subscribing witnesses to wills
at the time of attestation on account of interest in or under
the will, but that persons who took an interest under the
will, were incompetent to prove the will after the death of

the testator, solely because they were interested in establishing the will, at the time they offered to testify, and *that all incompetency by reason* of such interest, has been *removed by the Act of* 1864, *Ch.* 109.

It was also urged in that case, that no persons, except those who are disinterested should be permitted to be subscribing witnesses to wills, and this was answered by the statement, that neither LORD MANSFIELD nor JUDGE CHASE supposed that much danger from imposition or fraud, could result from permitting legatees to be attesting witnesses. But be this as it may, we have no power to alter or modify the law, our sole duty being to administer it as we find it upon the statute.

In *Harris* v. *Pue,* 39 Md. 535, it was also held, that under the Act of 1864, Ch. 109, a beneficiary under a will is a legal and competent witness to sustain it, as decided in *Estep* v. *Morris, supra,* and that the latter decision was the necessary result of the broad and comprehensive terms of the Act of 1864, Ch. 109.

In *Hammett* v. *Shanks,* 41 Md. 201, this Court, fully approved the decision in *Estep* v. *Morris,* and *Harris* v. *Pue, supra,* and held, that under the Acts of 1864, and 1868, a party who takes an interest under a will, has been made a legal and competent witness to prove it.

Mr. Hinkley, in his excellent work on *Testamentary Law,* treats the case of *Estep* v. *Morris, supra,* as controlling upon this question, in this State. He says, in section 71 of Chapter 5, page 42, one who is the executor of a will, and also guardian thereunder of the infant devisee is competent to attest the will and to prove it, in the Orphans' Court, his incompetency at common law, to prove the will by reason of his interest therein having been removed by the Act of 1864, Chapter 109. By the Act of 1864, Chapter 109, a party who takes an interest under a will is a competent witness to prove it. And in *Higgins* v. *Carlton,* 28 Md. 140, it was

held, that credible as used in the statute means competent, to testify at the ime of attestation.

In *A. & E. Ency. of Law,* 2nd ed., Vol. 18, page 739, it is said, in some States legislation has rendered devisees and legatees competent witnesses and gifts to them as valid, and states, this appears to be the rule in Maryland.

In 29 *A. & E. Ency. of Law,* 1st ed., pages 233 and 234, it is said: In many of the States the common law disqualification of witnesses generally on the ground of interest has been removed, but by express exclusion of statute the law as regards attesting witnesses is allowed to remain unchanged. But by statute in Maryland a person interested, is not an incompetent witness to a will.

The case of *Elliott* v. *Brent,* 6th Mackey, 103, relied upon by the appellant, cannot be regarded as controlling, in the light of our own decisions to the contrary upon the construction of our Maryland statutes. That case was decided by the Supreme Court of the District of Columbia, in passing upon the effect of one of the Revised Statutes of the District of Columbia upon the provisions of the Statute of 25 George II, and has no relation to the construction of our own statutes.

We hold, then, under our Maryland law and the settled practice in this State, that a beneficial devisee is a competent witness to prove a will under which he takes an interest, and that a devise of real estate, such as was made in this case, to an attesting witness, is valid and operative. That the clause in the Statute of 25 George II, Ch. 6, in so far as it invalidates devises and legacies to attesting witnesses to wills of realty, and declares they shall be utterly null and void, is not in force in this State, because it has been annulled and superseded by the Act of 1798, Ch. 101, and by the Act of 1864, Ch. 109, both of which Acts have been adopted and codified as part of the Code of Public General Laws of the State, as Article 93, section 314, title "Wills,"

.and Article 35, section 1, title "Competency of Witnesses." *Erb* v. *Grimes,* 94 Md. 92; *Montell* v. *Con. Coal Co.,* 39 Md. 164; *State* v. *Falkenham,* 73 Md. 463; *Alexander* v. *Mayor & C. C.,* 53 Md. 104; *State* v. *Northern C. R. R.,* 44 Md. 167; *State* v. *Yewell,* 63 Md. 120.

The devise to Thomas Leitch, in this case, being valid, the defendants' demurrer to the plaintiffs' bill was properly sustained and the bill must be dismissed.

*Order affirmed and bill dismissed with costs.*