THOMAS P. McDONAGH et al. *v.* MATTHEWS-
HOWARD COMPANY, INC.

[No. 74, October Term, 1930.]

*Decided January 15th, 1931.*

The cause was submitted on briefs to Bond, C. J., Patti-
son, Urner, Adkins, Offutt, Parke, and Sloan, JJ..

*John F. Mudd* and *John B. Gray, Jr.,* for the appellants.

*Walter J. Mitchell* and *J. Read Bailey,* for the appellee.

Adkins, J., delivered the opinion of the Court.

The sole question presented by this appeal is: Was section
117 of article 9 of the Code of Public Local Laws of 1888,
title "Charles County," sub-title "Mechanics' Liens," repealed

by implication by chapter 172 of the Acts of 1890, in so far as said section related to mechanics' liens on buildings.

The section of the Code of Public Local Laws referred to is as follows: "The provisions of the Code of Public General Laws relating to mechanics' liens shall not apply to Charles County."

And the Acts of 1890, chapter 172, provides: "That section 43 of article 63 of the Code of Public General Laws, entitled 'Mechanics' Liens,' be and the same is hereby repealed."

The question was raised in the trial court by demurrer to the bill of complaint for the enforcement of a mechanics' lien which had been filed by the plaintiff against certain property of the defendant. It was alleged in the demurrer that the provisions of the general mechanics' lien law of Maryland did not apply to Charles County, there being an existing and unrepealed public local law for Charles County which expressly so provided. The chancellor overruled the demurrer. From the decree overruling that demurrer this appeal was taken. The repealed section excluded from the operation of the preceding 42 sections seven counties, among which was Charles County. These 42 sections provided for the creation and enforcement of mechanics' liens against buildings only. There were a number of sections following section 43, relating to boat liens, which applied to the entire state.

By various acts of the Legislature section 43 was amended omitting, from time to time, one or more counties which were originally mentioned in section 43, until at the time of the adoption of the Code of 1888 Charles County was the only county excluded from the operation of the mechanics' lien law applicable to buildings; and this state of the general law was recognized and embodied in section 43 of article 63 of the Code of Public General Laws of 1888. When it came to codifying the Public Local Laws of the State, in the same year, Mr. Poe, in dealing with Charles County, inserted section 117 of article 9. It was not a codification of any preexisting statute, as no such statute appears ever to have been passed. But the section was included in the local code, it

must be assumed, because Mr. Poe understood that to be the law then in force applicable to Charles County by reason of the exclusion of that county by section 43 of article 63 of the General Code, overlooking the fact that said county had not been excluded from the part of the general law applicable to boat liens. There can be no other explanation of this discrepancy except on the theory that the codifier was assuming to legislate, which we all know was not so. The wonder is that in such an undertaking so few inaccuracies occurred.

It is true that by chapter 74 of the Acts of 1888 the Code of Public General Laws and the Code of Public Local Laws, as codified by Mr. Poe, were approved, adopted, and declared to be the law of this state "in lieu of and a substitute for all Public General Laws and all Public Local Laws of this State on the first Wednesday of January in the year 1888," and that by said adoptions section 117 of article 9 of the Code of Public Local Laws became the law of Charles County. It is also true that said section differs in its effect from section 43 of article 63 of the General Code, in that the former excluded Charles County from the operation of all the general mechanic's lien law, whereas the latter excluded said county from so much only of the general law as related to buildings. It follows, therefore, that chapter 172 of the Acts of 1890, in repealing section 43 of article 63 of the General Code, did not repeal section 117 of article 9 of the Local Code, in so far as the latter excluded said county from the operation of the sections of the general law relating to boat liens. But it does not follow, necessarily, that the repealing act does not by implication apply to so much of the local law as is identical in effect with the section of the general law expressly repealed. If the sections in the two codes were identical in effect, there could be no reasonable doubt that they would fall together, because to conclude otherwise would be to attribute to the Legislature in passing the repealing act an intention to perform an absolutely nugatory act without purpose or effect; and furthermore the repealing act would have been entirely irreconcilable with the continuance of the local law not expressly repealed, and in such circumstances, under

the proper rule of interpretation, the last expression of the Legislature must prevail.

That rule was not abrogated by section 10 of article 1 of Code Public General Laws of 1888, providing that: "When the public general laws and the public local law of any county, city, town or district are in conflict, the public local law shall prevail." Judge Miller, in *State v. Falkenham,* 73 Md. 463, 21 A. 370, 371, explained that the provision quoted was made necessary by the adoption at one time of a whole system of law, general and local, to prevent a possible conflict between general and local laws enacted at the same time; where it would have been difficult if not impossible to apply the common law rule that in case of conflict the later statute must prevail, resulting in the repeal of the earlier statute by implication. "That rule was never intended, and has never been held by this court, to remove local laws from the effect and operation of the ordinary rules of construction derived from the common law when applied to subsequent legislation."

In 25 *R. C. L.,* p. 914, it is said: "A later statute without any repealing clause must be held to repeal an earlier one, when under no reasonable hypothesis can the provisions of both be construed as coexisting."

Does the fact that the provisions of section 117 of article 9 of the Local Code and section 43 of article 63 of the General Code are not entirely identical in effect prevent the former from being repealed by implication in so far as it is identical in effect with the section which was expressly repealed? That depends upon the intention of the Legislature and its reasons for passing the repealing act, if they can be reasonably ascertained. In endeavoring to find this intention, we have no guide except the history of the mechanics' lien laws as disclosed by the enactments themselves and the internal evidence to be derived therefrom. We have no other evidence of the meaning and purpose of the Legislature.

It has already been noted that the provision found in the Local Code in the form in which it there appears must have been due to an oversight on the part of the codifier, as there

was no local law then in existence. The codifier must have intended, in inserting the provision in the Local Code, to have made it consistent with the general law then in effect so far as it was applicable to Charles County.

It must be assumed that the Legislature, in simultaneously adopting the two codes as the law of the state, did not intend to create confusion. If so, it is not unreasonable to assume that the Legislature was still unmindful of the provision in the Local Code when two years later it repealed the section of the General Code which affected only Charles County; and that by such repeal it was intended to make the mechanics' lien law uniform throughout the state. If it had been conscious of the provision in the Local Code, and the purpose of the repealing act had been to clear up a possible confusion, is it not more reasonable to suppose there would have been an explanatory preamble to the repealing act; or that section 43 would have been repealed and re-enacted, so as expressly to extend the exemption to boat liens, in accordance with the law as it actually was in reference to Charles County by reason of the provision in the Local Code, rather than merely repeal the exempting section in the General Code on the ground that it was unnecessary, thereby creating a real confusion tending to mislead? If, instead of repealing section 43, the Legislature had repealed the whole of article 63 and re-enacted it, omitting only section 43, there can be no doubt that, under the rule of construction recognized in *State v. Falkenham, supra,* the local law of Charles County, exempting that county from the operation of the general mechanics' lien law, would have been repealed in its entirety, because the passage of the later state-wide law without exempting Charles County would have been taken as the latest expression of legislative intent. In our opinion, the repeal of section 43 of that article operated in the same way to the extent that the local law was identical in effect with the said section.

It follows that the decree must be affirmed.

*Decree affirmed, with costs to appellee.*