(Decided 21st October, 1870.)

AUGUSTUS ALBERT, Sheriff of Baltimore City, *vs.* AMBROSE A. WHITE.

*Exemption from Jury duty, in virtue of being an Honorary member of a Volunteer company of the Militia of the State — Act of 1860, ch. 308 — Act of 1870, ch. 182, sec. 22.*

An honorary member of any legally organized volunteer company of the militia of the State, is by virtue of section 22, of the Act of 1870, chapter 182, entitled to exemption from jury duty for the period of one year

from the date of his certificate of membership, provided the same be filed with the clerk of the Court before the drawing of the jury.

Sections 584 and 585 of the Code of Public Local Laws relating to the city of Baltimore, as it was reported by the Commissioners to the General Assembly, and adopted by the Act of 1860, ch. 1, form no part of the existing laws of the State, they having been repealed by implication, by virtue of the Act of 1860, ch. 308, which provided for the selection of jurors for Baltimore city.

The words, "qualified under the law of this State," as used in section 1, of the Act of 1860, ch. 308, refer to the qualification of jurors prescribed by Article 50 of the Code of Public General Laws.

APPEAL from the Circuit Court of Baltimore City.

This is an appeal from an order passed by the Court below, granting an injunction as prayed in the bill of the appellee. The bill, filed on the 2d of June, 1870, recited that the appellee was an honorary member of Company D, of the Fifth Regiment of Infantry, of the militia of the State of Maryland, in the city of Baltimore, in conformity to the provisions of section 22, of the Act of 1870, chapter 182, the General Militia Law; that he had received and filed with the clerk of the Superior Court of said city his certificate of membership, and was therefore entitled to be exempt from jury duty for the period of one year from the 7th of April, 1870, the date of said certificate; that subsequently at the drawing of the juries for the Courts of said city, which took place on the 29th of April, in the manner provided by section 603, Article 4 of the Public Local Laws, the name of the appellee was drawn and placed in order upon the jury books for said city, whereby he became liable to be summoned for jury duty; that although the appellant had been notified of the legal excuse and exemption to which the appellee was entitled, by the said Act of 1870, chapter 182, section 22, the appellant had refused to summon some other person in his stead as required by section 610, Article 4 of the Code of Public Local Laws, alleging as his excuse that the Judges of the Common Law Courts of said city were divided in opinion as to the validity of such exemp-

tion under the Militia Law, and that he had announced his intention to summon the appellee for jury duty whenever his services should be needed.

The bill charged that the appellee was remediless in the premises, without the interposition of a Court of Equity, and prayed that the appellant might be enjoined and restrained from summoning the appellee for jury duty prior to the 7th day of April, 1871.

The appellant by his answer, admitted the facts and allegations of the bill, and the cause being submitted, the order for the injunction was passed.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MAULSBY, GRASON, MILLER and ALVEY, J.

*Ferdinand C. Latrobe* and *Reverdy Johnson,* for the appellant.

The question to be decided on this appeal is whether the Act of 1870, chapter 182, a General Militia Law, applicable to the whole State, operates as an implied repeal of the 584th section of Article 4 of the Public Local Code, which designates who shall be liable to jury duty in the city of Baltimore? This section will be found in the copy of the Local Code reported to the Legislature by Commissioners Scott and McCulloh, and by the Legislature enacted into law and ordered to be deposited in the office of the Clerk of the Court of Appeals.

In re-printing the Code, this section and the one succeeding it, have been omitted from the copy of the Code in common use; a preliminary question therefore arises, which will have to be determined by the Court, whether the authentic copy, now on file in the archives of the State, presents the true law, or whether the law was liable to be lawfully altered by the agent appointed by the Legislature for the sole purpose of incorporating the new legislation of that session with the Code as then passed, and making an index to the whole.

The statute law of Maryland can only be found in the authentic archives of the State, the proper depository of which is the office of the Clerk of the Court of Appeals; and the sections 584 and 585 being there found, are part of the jury law applicable to Baltimore city, though the same are omitted from the printed copy of the Code in general circulation.

The statutes of Maryland relating to the adoption of the Code are as follows. *Act of* 1860, *ch.* 1; *Act of* 1860, *ch.* 236, and *Act of* 1860, *ch.* 246.

The Militia Law being a general statute. and the Baltimore City Jury Law a local statute, and the two being in conflict, the Public Local Law must prevail by force of the eleventh rule of interpretation of the Code. *Code of Public General Laws, Art.* 1, *sec.* 11; *Everett, Adm'r, vs. Avery,* 19 *Md.,* 136; *Hammond vs. Haines,* 25 *Md.,* 541; *State vs. County Commissioners,* 29 *Md.,* 515.

Since the enactment of the Code, which divides the statute law of the State into *Public General* and *Public Local* Laws, and provides an imperative rule of interpretation in cases of conflict between the two classes of laws, there is no longer such a thing as a repeal by implication between conflicting laws belonging to different classes, but such conflicts are determined by the application of the rule of interpretation provided by the Code. Now, a repeal by implication can only arise between laws of the same class.

The provision in the law of 1870, ch. 182, which exempts from jury service all honorary members of volunteer companies of the militia of the State, who shall pay ten dollars for the support of the company, is unconstitutional.

To exempt from the obligation to serve on juries, a class of persons whose profession or occupation may be such that the people have an interest in their not being disturbed, such as doctors, preachers, lawyers, State or city officers, or men in the military service of the State, who may at any time be called upon to support her laws, is a power which has been often exerted, and is not denied. But the authority to make

such exemption dependent upon the payment of a sum of money presents a very different question. That such money is to be applied for any particular purpose, in no manner affects the power. Such a power might greatly interfere with, if not totally destroy the value of jury trials. The men of pecuniary means and men of business, who are generally intelligent and above improper influences, and who are naturally unwilling, in a city, to perform jury service, would be willing to pay any reasonable amount to purchase exemption, and the result would be that juries might often consist of persons of less intelligence and character. No mere payment in money by a citizen, no matter what the object may be, gives to the State any power, in consideration of such payment, to exempt him from jury duty.

*Thomas W. Hall, Jr.,* and *S. Teackle Wallis,* for the appellee.

The 11th section of Article 1, of the Code of Public General Laws, simply means that when there are co-existing statutory provisions, Local and General, which differ, and are repugnant to each other, the Local Statute shall govern in the locality designated. This rule was not intended, and does not and cannot operate to restrain the Legislature from harmonizing or repealing existing Local Laws by subsequent General Laws clearly inconsistent with, or repugnant to them, and applying from their nature, subject and purpose to the whole State.

That any statute, local or general, may be repealed by implication, has been authoritatively determined by this Court. *Davis vs. The State,* 7 *Md.,* 159; *Sedgwick on Stat. and Const'l Law,* 124, 125; *Smith on Statutory and Const'l Cons.,* 905; *Commonwealth vs. Kimball,* 21 *Pick.,* 377; *Starkweather vs. Howe,* 17 *Mass.,* 240.

There is nothing in the division of the Statute Law of the State into Public General Laws and Public Local Laws, which militates against the principle thus laid down by the Court of Appeals. Whether a given statute belongs to the

one class or the other, is to be determined from its general nature, scope and policy, not its accidental place in the statute book. A law general in its policy does not become local, although by subsequent enactments, nineteen out of twenty counties in the State are excepted from its provisions. A law which is local in its nature does not become general by being extended *nominatim et seriatim* to a majority, or all the counties of the State.

The Act of 1870, chapter 182, is a general law, passed in furtherance of a general policy, and intended to operate throughout the whole State, and to supersede, therefore, all inconsistent and repugnant provisions of previous laws, whether general or local.

It was passed in obedience to Article 9, section 1, of the Constitution, which directs the Legislature to provide for organizing the militia, and to "pass such laws to promote volunteer militia organizations as may afford them effectual encouragement." In the discharge of this obligation, and the exercise of its constitutional prerogative, and in accordance with the policy of many former laws in relation to the same subject, the Legislature has determined that exemption from jury duty, as provided by section 22 of said Act, is likely to "afford effectual encouragement" to the volunteer organizations it is intended to promote, and which it substitutes for the compulsory militia system provided by the statutes which it repeals.

Where the intention of repeal or modification of existing legislation exists, and is apparent on the face of a new Act of Assembly, it repeals all previous laws inconsistent with it, whether they be general or local. The rule of construction set up by the Code, being itself but a public general law, is to be held as repealed *pro tanto* whenever such is the legislative purpose, distinctly announced or legitimately deducible.

In the cases referred to by the appellant in 19 *Md.* and 25 *Md.*, the local law established was passed after the general

law. In the case in 29 *Md.* the question was not raised. None of these cases meet the present inquiry.

But sections 584 and 585 of Article 4 of the Public Local Laws (relating to the city of Baltimore), are not in reality a part of our existing legislation. They are not to be found in the Code, as printed under the authority of the Legislature of 1861.

There is no doubt that the section which is supposed by the appellant's counsel to render the Militia law inapplicable to Baltimore is to be found in the Local Code, as originally adopted in 1860, according to the official copy on file. But, among the reform measures introduced into the Legislature at that session, one of the most important was a new law regulating juries in Baltimore city. *See Act of* 1860, *ch.* 308.

This Act, by some inadvertence, does not in terms repeal the sections 584 and 585, but its first section conclusively shows that its purpose was to reduce the jury qualifications to uniformity throughout the State, by directing the selection in the mode prescribed, of persons " qualified under the law of this State." When, therefore, the Code was printed by the authority of the Act of 1860, ch. 236, under the direction of Mr. Mackall, one of the actual codifiers, the two sections in question were omitted, and the Code as printed, without them, was distributed to all the Courts, justices and clerks throughout the State, by all of whom, as well as by all the people, it was supposed to be the Code until 1869, having gone unchallenged through two new Constitutions meanwhile. This printed Code is now read as the law of Maryland in every State and Federal Court throughout the country. It has been treated as the Code of Maryland by every Legislature since that of 1860.

Public policy, the quieting of men's titles, and the security of their rights, all require that the laws should be well known as well as certain, and it is calculated to strike the whole State with dismay, if the entire Code of Laws, printed and published by authority, is subject to correction in all particu-

lars and at any time by the original printed volume, which scarcely any one but the Clerk of this Court possesses,. and to which public access is practically impossible.

MAULSBY, J., delivered the opinion of the Court.

No question of jurisdiction having been made in this case we are not required to express an opinion on that point.

The appellee, as an honorary member of Company D, of the Fifth Regiment of Infantry, of the Militia of the State of Maryland, claims exemption from jury duty in the city of Baltimore, under the operation of the Act of Assembly of 1870, chapter 182, and by that Act he is exempt, unless it is inoperative, for some reason, in said city.

It is claimed by the appellant that that Act is not operative in the city of Baltimore, for the reason that it is in con-flict with sections 584 and 585 of the Code of Public Local Laws relating to that city, as it was reported by the commis-sioners to the General Assembly, and adopted by the Act passed January 12th, 1860, and because a Public Local Law must prevail over a General Law when they are in conflict, by force of section eleven, Article 1, of the Code, which pre-scribes " Rules of Interpretation."

The first inquiry necessarily presented is, whether the sec-tions 584 and 585 are in force. If they form no part of the Laws of this State, there is nothing with which the Act of 1870 is in conflict.

By the Act of 1860, ch. 236, Henry C. Mackall was au-thorized to incorporate the laws of that session into the Code, and prepare the same for the printer, and supervise the print-ing thereof.

The sections in question, at that time, formed part of the Code of Public Local Laws relating to jurors in the city of Baltimore.

The General Assembly, at the same session, passed the Act of 9th of March, 1860, chapter 308, entitled " An Act to amend the Code of this State, by providing otherwise

than as therein enacted, for the selection of grand and petit jurors for Baltimore city." This Act repealed, in express terms, sections 175, 586 and 589 of the Public Local Laws relating to jurors in the city of Baltimore, and enacted that the sections of this Act, chapter, 308, from 1 to 18 inclusive, should " constitute and become part of the Code of this State." Sections 584 and 585 are not mentioned, in terms, in the Act. The sections enacted by it were incorporated into the Code, and stand as sections 601 to 618 inclusive, in Article 4 of Public Local Laws. This Act is a public local law, and was passed by the same body which enacted the sections 584 and 585, and subsequently to the enactment of those sections.

If the provisions of this Act be in conflict with the provisions of those sections, the Act last passed must prevail, and the sections in question must be held to be repealed by implication. " The very fact of establishing a particular rule of conduct for the public, pre-supposes an intention on the part of the Legislature, that a contrary rule should not prevail, and, therefore, the enactment of one law is as much a repeal of all inconsistent laws as if those inconsistent laws had been repealed by express words." *Davis vs. The State,* 7 *Md*, 159.

It follows that sections 584 and 585 are as effectually repealed by the Act of 1860, chapter 308, as are sections 175, 586 and 589, although the latter are repealed by express words, and the former are not mentioned, provided the former are inconsistent with the Act last passed.

Section 585 provides that the Court may excuse a juror summoned, if he be suffering under family affliction, or under a necessity of speedily going abroad, but shall not excuse him on account of pressure of engagements, whether of business or of pleasure.

Section 11 of the Act of 1860, chapter 308, provides, that " no one summoned as a juror shall be excused from service, except in open Court, on good cause shown to the satisfaction of the Court."

Whilst the former enumerates the causes which shall and shall not authorize the Court to excuse a juror, the latter refers the causes for excuse to the discretion of the Court exclusively. The latter provides a heavy penalty, which *shall be* enforced, against a juror summoned and failing to attend, without being excused. The former contains no such provision. The inconsistency is manifest.

The section 585 cannot be held to establish "a particular rule of conduct for the public" in this regard, and section 11 of the Act of 1860, chapter 308, another "particular rule of conduct." Each, on its face, establishes a particular rule, and the rules being inconsistent with each other, one must yield.

The section 584 limits the liability of citizens to jury duty to "between the ages of twenty-one and sixty-five," and entitles to exemption "those who are infirm in body or in mind, ministers of the Gospel, practitioners of law, practitioners of medicine, teachers of day schools, officers of the General Government, civil officers of the State, executive officers of the said city, and members of the General Assembly, and of the City Council when severally in session."

The 1st section of the Act of 1860, chapter 308, requires the Judges of the Superior Court, of the Court of Common Pleas, of the Circuit Court and of the Criminal Court, to select annually the names of seven hundred and fifty persons, *qualified under the law of this State,* to serve as Grand and Petit Jurors in said city. "The law of this State," Article 50, Code of Public General Laws, prescribes twenty-five years of age as a qualification for a juror, and exempts from jury duty, Judges of the Orphans' Court, persons over seventy years of age, and all delegates, coroners, schoolmasters and constables, during their continuance in office. The qualifications for, and exemptions from jury duty, provided for by the section 584, and by the Act of 1860, chapter 308, are inconsistent, and in respect to both, these laws are in conflict, and the former must yield to the last expression of the legislative will.

We think that the words "qualified under the law of this State" as used in section 1, of the Act of 1860, chapter 308, must be understood to refer to the qualification of jurors, prescribed by Article 50, of the Code of Public General Laws. That is the law of the State evidently contemplated by the Legislature, their intention being to make the laws relative to the qualification of jurors uniform throughout the State.

Until the passage of the Act of 1860, chapter 308, all laws relating to jurors in the city of Baltimore, contemplated, and provided for, their being summoned by the sheriff, on his own selection, in accordance with immemorial usage. That Act provided a new mode of selecting jurors. First, seven hundred and fifty names were to be selected by the Judges, and next, the Judges were to select, from that list of names, the required number of jurors. The Act is full and specific in its provisions, and capable of execution without the aid of reference to other statutes, except on the single point of qualification, and that reference is clear and distinct to the General Law of the State which defines it, and being plainly inconsistent with sections 584 and 585, they were properly omitted from the Code.

These views render it unnecessary that we shall pass on the other questions presented in the argument.

We are of opinion that the order of the Circuit Court granting the injunction ought to be affirmed.

*Order affirmed without costs.*

(Decided 21st October, 1870.)