(Decided 1st February, 1894.)

GEORGE YUNGER *vs.* STATE OF MARYLAND.

*Statutes — Repeal — Repugnancy — Local option and High license laws.*

The Act of 1890, chap. 208, which submitted to the qualified voters of an election district in Carroll County, known as "Freedom District," the question of granting licenses for the sale of spirituous liquors in said district, was repealed by the Act of 1892, chap. 423, known as the "High License Law," and entitled "An Act to regulate the sale and the granting of license for the sale of spirituous and fermented liquors in Carroll County," and which provides how and in what manner licenses shall be granted, excepts no part of the county from its operation, and expressly repeals all Acts inconsistent with its provisions.

APPEAL from the Circuit Court for Carroll County.

The traverser was tried before the Court (ROBERTS, J.,) without the intervention of a jury, and was found guilty, and he was thereupon sentenced. The case is further stated in the opinion of this Court.

Yunger *vs.* State.

The cause was argued before Robinson, C. J., Bryan, Fowler, Page, and Boyd, J., for the appellant, and submitted on brief for the appellee.

*James A. C. Bond,* for the appellant.

*Charles E. Fink, State's-Attorney for Carroll County,* and *John Prentiss Poe, Attorney-General,* for the appellee.

Robinson, C. J., delivered the opinion of the Court.

By the Act of 1890, chap. 208, the question whether or not license should be granted for the sale of spirituous liquors in the Fifth Election District of Carroll County, known as "Freedom District," was submitted to the qualified voters of said district; and at an election held in pursuance of this Act, a majority of the votes cast was against the granting of license.

At the January session of the Legislature of 1892, chapter 423, an Act known as "High License Law" was passed. This Act is entitled "An Act to regulate the sale, and the granting of license for the sale of spirituous and fermented liquors in Carroll County," and it provides, in the first place, that any person desiring to obtain license to sell spirituous or fermented liquors in Carroll County, shall file an application in writing with the clerk of the Circuit Court, to which shall be annexed a certificate signed by at least nine reputable freeholders, *bona fide* residents of the neighborhood in which the applicant proposes to conduct his business, each of whom shall certify that the applicant is in their judgment a proper person to have the privilege of selling spirituous liquors. Thereupon the clerk is required to publish, in some newspaper in the county, notice of such application, and if any person shall file with the clerk any reason why license should not be granted to the applicant, the Judge of the Circuit Court

shall hear and determine whether license shall be issued
to the applicant.    And then the Act provides the amount
to be paid for licenses issued in pursuance of its provisions,
the said amount varying from one hundred to three hun-
dred and fifty dollars.    The Act further provides that
"all Acts or parts of Acts inconsistent with the provi-
sions of this Act be and the same are hereby repealed."

The traverser was  indicted for  selling  spirituous
liquors in the Fifth Election District of Carroll County,
known as "Freedom District," and at the trial offered
in evidence a license for the sale of spirituous liquors in
said district, issued to him by the clerk of the Circuit
Court in pursuance of the Act of 1892.    The Court
refused to allow the license to be offered in evidence, and
to this ruling the traverser excepted.    So, the question
depends entirely upon whether the *Local Option Act of*
1890, for that district is repealed by the subsequent Act
of 1892, known as *the High License Law.*    And it seems to
us there ought not to be any difficulty as to this question.
The Act of 1892 is, as we have seen, entitled "An Act
to regulate the sale and  the granting of license for
the sale of spirituous and fermented liquors in Carroll
County."    It then provides how, and in what manner,
license shall be granted, *and no part of the county* is
excepted from its operation.    And to prevent any mis-
construction as to its meaning and operation, it provides
in express terms, that Acts inconsistent with its provi-
sions "are hereby repealed."    And if the Legislature
meant, by the Act of 1892, to provide a new law regu-
lating the issuing of license for the sale of spirituous
liquors for the entire county,—and such seems to us to
have been the intention,—then this Act is inconsistent
with, and repugnant to, the former Act of 1890, which
prohibited the issuing of license for the sale of spirit-
uous liquors in "Freedom District."    And, this being
so, the Act of 1892, must necessarily operate as a repeal

of the former Act of 1890. No principle is better estab-
lished than that a subsequent Act, *which is inconsistent
with,* and *repugnant to,* a former Act operates as a repeal
of the former Act, even though it does not so provide in
express terms.

> *Ruling reversed, and
> new trial awarded.*

Decided 8th February, 1894.)