# W. WESLEY BEALL, Sheriff, et al.,

## vs.

# SOUTHERN MARYLAND AGRICULTURAL ASSOCIATION.

*Gambling on Horse Races—Repeal of Statute.*

Acts 1892, Chapter 386, authorizing poolselling, bookmaking and betting on horse races on the grounds of any agricultural association in Prince George's and Montgomery Counties, was impliedly repealed by Acts 1898, Chapter 285, prohibiting all betting and gambling, and the making or selling of books or pools, on races of any kind, this latter enactment being evidently intended to apply to the whole State, with the exception of three counties specified therein.           pp. 310-312

Acts 1892, Chapter 386, authorizing poolmaking and betting on horse races in Montgomery County, was not repealed by its omission from Acts 1912, Ch. 790, by which the Public Local Laws of Montgomery County were adopted, Section 4 of that Act expressly providing that all laws then in force relating to Montgomery County, not included in that Act and not inconsistent therewith, should be continued until changed or repealed by the General Assembly.           p. 313

*Decided March 17th, 1920.*

Appeal from the Circuit Court for Prince George's County. (Camalier, J.).

The cause was argued before Boyd, C. J., Thomas, Urner, Stockbridge and Adkins, JJ.

*S. Marvin Peach* and *J. Purdon Wright,* with whom were *Alexander Armstrong, Attorney General,* and *Alan Bowie,* for the appellants.

*Shirley Carter,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

The Act of 1898, Chapter 285, expressly repealed Article 27, Section 124-A of the Code, as enacted by Chapter 237 of the Acts of 1894, and re-enacted the same with amendments, and also added four new sections to Article 27 to be designated Sections 124-B, 124-C, 124-D and 124-E. Section 124-A as thus amended, and the four new sections, are codified in Volume 3, Article 27 of the Code as Sections 217, 218, 219, 220 and 221, and Section 217 is as follows:

"It shall not be lawful for any person or persons, or association of persons, or for any corporation within the State of Maryland, to bet, wage or gamble in any manner, or by any means, or to make or sell a book or pool on the result of any trotting, pacing or running race of horses or other beasts, or race, contest or contingency of any kind, or to establish, keep, rent, use or occupy or knowingly suffer to be used, kept or rented or occupied, any house, building, vessel, grounds or place, or any portion of any house, building, vessel, grounds or place, on land or water, within the State of Maryland, for the purpose of betting, wagering or gambling in any manner, or by any means, or making, selling or buying books or pools therein or thereon upon the result of any race or contest or contingency, or by any means or devices whatsoever, to receive, become the depository of, record or register, or forward or purpose, or agree or pretend to forward any money, bet, wager, thing or consideration of value, to be bet, gambled or wagered in any manner, or by any means or device whatsoever, upon the result of any race, contest or contingency; and any person violating any of the provisions of this section shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be subject to a fine of not less than two hundred dollars nor more than one thousand dollars, one-half of said fine to go to the informer, and shall be subject to imprisonment in jail for not less than six months nor more than one year, or be both fined and imprisoned, in the discretion of the court."

Section 218 provided:

"Nothing in the next preceding section shall render it unlawful in any county of this State, other than Baltimore City, for any person or persons to make a pool or a book, or to bet within the ground of any agricultural association, race course or driving park, upon the result of any trotting, pacing or running race of horses which shall be held within the same grounds, race course or driving park upon which said person shall so make a pool or book, or shall so bet upon the same day on which said race shall be held; provided, the grounds of such agricultural association, race course or driving park be licensed in the manner set forth in the next succeeding section by the Circuit Court for the county within which such grounds or track may be located."

Sections 219 and 220 required the application for a license to be made to the Circuit Court for the county within which the grounds of such association, etc., were located, and specified what the application should contain, and Section 124-E of the Act, codified as Section 221, provided that the Court should not grant the license for more than thirty days in any one year, nor for more than fifteen days in any one month, in any county of the State, nor for any days during the months of December, January, February and March, except in Baltimore County, and further provided that the Act should not apply to Cecil, Washington or Anne Arundel Counties.

In February, 1919, the Southern Maryland Agricultural Association of Prince George's County applied to the judges of the Circuit Court for that county under the Act of 1898 "for a license to be granted it to make and permit betting, pool selling and bookmaking upon the result of running races of horses * * * on its ground for thirteen days, that is, for the period from April 1st, 1919, to April 15th, 1919, both days included, Sunday excepted." A protest was filed against the granting of any license permitting betting, etc., on the

grounds of said association, but after a hearing two of the judges of the Court passed an order directing the clerk to issue the license applied for.    On appeal from that order this Court held in an opinion filed June 25th, 1919 (*Close, et al. v. Southern Maryland Agricultural Association,* 134 Md. 629), that Sections 218 to 221, inclusive, of the Code, were illegal and void because they imposed a non-judicial duty upon the Courts, but, following the case of *Agri. Soc. Montgomery Co.* v. *State,* 130 Md. 474, that Section 124-A of the Act, Section 217 of the Code, was not affected by the invalidity of the other sections and could stand.

On the 12th of November, 1919, the appellee, the Southern Md. Agric. Assn. of Prince George's County filed its bill of complaint in the Circuit Court for Prince George's County against W. Wesley Beall, the Sheriff of that county, and S. Marvin Peach, the State's Attorney for that county, in which, after alleging that it was a corporation, incorporated under the laws of this State for the purpose of conducting agricultural fairs and exhibitions, and that it had constructed on its grounds near Bowie, in said county, a modern race track where it had held race meetings in the fall and spring of each year ever since the fall of 1914, it averred that it had made preparations for holding a race meeting on its grounds for fourteen days, beginning on the 14th of November and ending on the 29th day of November, 1919, Sunday excluded, and had at large expense advertised the fact that said meeting would be held; that theretofore, and up to and including its meeting in April, 1919, the association had held its meetings on its grounds and race course at Bowie under the provisions of the Act of 1898, Chapter 285, and would have applied to the Circuit Court for Prince George's County for a license for its meeting in November, 1919, but that the Court of Appeals had decided, on June 25th, 1919, that the provisions of the Act of 1898, which authorized the Circuit Court to grant a license, were null and void; that the plaintiff was advised that it had the lawful right to hold its meet-

ings on the days mentioned under and by virtue of the provisions of Chapter 386 of the Acts of 1892, a local law applicable to Prince George's County and now codified as Section No. 512 of the Code of Public Local Laws of Prince George's County, as legalized by Chapter 22 of the Acts of 1912, and that notwithstanding its lawful right to hold its race meeting on its grounds under the provisions of the Act of 1892, W. Wesley Beall, the Sheriff of Prince George's County, and his deputies, under instructions from S. Marvin Peach, the State's Attorney for said county, intended and threatened to arrest and cause the arrest of any and all persons found betting on races run on its grounds, and to use all means in their power to stop betting on such races. The bill prayed for an injunction restraining the sheriff and State's Attorney from interfering in any way with the plaintiff in the conduct of its proposed race meeting, and on the same day the injunction was granted as prayed, reserving to the defendants the right, upon filing their answer, to move for a dissolution of the injunction, etc. The defendants filed their answer and entered a motion to dissolve the injunction, but the Court below refused to grant the motion, and from its order to that effect, and the order granting the injunction, this appeal was taken.

Chapter 386 of the Acts of 1892 was as follows:

"*Be it enacted by the General Assembly of Maryland,* That it shall be unlawful in Prince George's and Montgomery Counties for any person or persons, or association of persons, to bet, gamble or make books and pools on the result of any trotting race or running race of horses, or race of any kind, or cocking main or any baseball match, or contest of any kind, or to establish, keep, rent or use, or knowingly suffer to be used or occupied, any house, building or portion of a building, vessel or place on land or water for the purpose of making or selling therein any book or pool, or otherwise betting or gambling, or of permitting gambling or betting therein or thereon upon the result of any trotting race or running race of horses, or race

of any kind or cocking main, or any baseball match or on any election or contest of any kind; provided, however, that nothing in this section shall prevent poolmaking, bookmaking or betting on horse races held on the ground of any agricultural association in said counties, upon which races are or may be held on not more than fifteen days in any one calendar year during the days on which the 'fairs' of such association shall actually be held, or upon any race course or driving park in said county upon which races are or may be held on not more than fifteen days in any one calendar year, on the horse races there held and on the days of such horse races; any person violating any of the provisions of this section shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be subject to a fine not exceeding five hundred dollars, one-half to go to the informer; or imprisonment in jail for a period of not less than six months nor more than one year."

The contention of the appellee is that the Act of 1898 does not expressly repeal the Act of 1892, Chapter 386; that Sections 124-B to 124-E, inclusive, of the Act of 1898 (Sections 218 to 221 of the Code), were the only sections of that Act inconsistent with the provisions of the Act of 1892, and that as those sections of the Act of 1898 were held by this Court to be null and void, the Act of 1898 did not repeal the Act of 1892 by implication. It relies upon the case of *Ches. Beach Hotel Co.* v. *Hall,* 121 Md. 645, where this Court stated through JUDGE BURKE the familiar doctrine that "Repeals by implication are not favored in the law, and it is only where two acts are so plainly and palpably inconsistent and irreconcilable that they cannot stand together, that the latter will be held to repeal the former by implication." In that case, however, the Court held that the purpose of the provisions of the Act of 1900 relied on was to restrict the hours during which licensees might keep their places of business open and make sales of liquor, and that the

provision requiring the licensees to keep their places of business closed between the hours of twelve o'clock midnight and five o'clock in the morning, and authorizing them to keep open, etc., at other times meant such other times as it was lawful for them to do so, and did not operate as a repeal of the general law of the State prohibiting the sale of liquor on Sunday. The Court was, therefore, dealing with a statute the purpose of which to prohibit the sale of liquor during certain hours was perfectly apparent and entirely consistent with the general law prohibiting the sale of liquor on Sunday.

We cannot agree with the view of the appellee that the case referred to supports its contention in this case. Previous legislation in this State on the subject dealt with in the Act of 1898 was reviewed by JUDGE CONSTABLE in *Agri. Soc. Montgomery Co.* v. *State, supra,* and referred to in *Close et al.* v. *Southern Md. Agri. Assn., supra,* and that the Legislature intended the Act of 1898 to apply to the whole State, except as therein expressly provided, and therefore as a repeal of the Act of 1892, there is no room for doubt. Indeed we do not understand the appellee as asserting a contrary view, for it alleges that prior to the decision of this Court in June last it obtained its license and held its race meetings under the provisions of the Act of 1898. Upon what principle then can it be said that the valid section of that Act does not have the same scope and effect? The language of Section 124-A (Section 217 of the Code) is, "It shall not be lawful for any person or persons, or association of persons, or for any corporation within the State of Maryland" to do the things mentioned in that section, and among them the very thing the appellee proposed to do under the authority of the Act of 1892. In *Montel* v. *Consolidation Coal Co.,* 39 Md. 164, the Court, adopting the statement in *Bartlett* v. *King,* 12 Mass. 545, said: "A subsequent statute revising the whole subject matter of a former one and evidently intended as a substitute for it, although it contains no express words to that

effect, must on principles of law as well as in reason and common sense; operate to repeal the former," and in the case of *Albert* v. *White,* 33 Md. 297, the Court said: "The very fact of establishing a particular rule of conduct for the public, presupposes an intention on the part of the Legislature, that a contrary rule should not prevail, and, therefore, the enactment of one law is as much a repeal of all inconsistent laws as if those inconsistent laws had been repealed by express words." These rules and principles have been consistently adhered to in the later decisions in this State. *State* v. *Folkenham,* 73 Md. 463; *Yunger* v. *State,* 78 Md. 574; *State* v. *Gambrill,* 115 Md. 506. That the Legislature intended the Act of 1898 to apply to the whole State, except as therein stated, is further shown by the provisions of Section 124-E (Section 221 of the Code), which expressly provided that the Act should not apply to Cecil, Washington and Anne Arundel Counties.

We think the contention of the appellee was, however, disposed of in the case of *Agri. Soc. Montgomery Co.* v. *State, supra.* In that case the appellant was charged with violating the Act of 1898, and the indictment contained two counts. The first count charged the appellant with having, on the 25th day of August, 1916, "unlawfully and knowingly suffered its grounds to be used for the purpose of making, selling and buying books and pools thereon upon the result of a running race of horses held within the said grounds on said day," and the second count charged the same offense, "with the addition that the appellant was not licensed by the Circuit Court for Montgomery County to suffer its grounds to be used for the purpose of making, selling and buying books and pools thereon upon a result of a running race of horses to be held thereon." It was contended on behalf of the appellant that the entire Act of 1898 was void for the same reason that this Court, in *Close et al.* v. *Southern Md. Agric. Ass., supra,* held that Sections 124-B to 124-E, inclusive, were void, and that therefore Chapter 232 of the Acts of 1894

had not been repealed and was still in force.    This Court
held that, even if the sections of the Act of 1898 which re-
quired a license from the circuit courts were void, Section
124-A and the repealing clause of that Act could stand, and
the appellant was guilty under that section, and that if the
license provisions of the Act of 1898 were not void the appel-
lant could be held guilty under the second count of the in-
dictment which charged it with having failed to comply with
those sections.    This Court could not have so held except
upon the theory that the Act of 1892, now relied on by the
appellee in this case, was repealed either by Chapter 232 of
the Acts of 1894 or by the Act of 1898.    Learned counsel for
the appellee seems to concede that that would have been the
effect of the decision in *Agric. Soc. Montgomery Co.* v. *State,*
*supra,* but for the fact, as he claims, that the Act of 1892
was repealed as to Montgomery County by the Local Code of
that county before that case arose.    Counsel for the appellee
does not point out the section of the "Local Code" referred
to as having repealed the Act of 1892, and we do not find in
the Act of 1912, Chapter 790, by which the Code of Public
Local Laws of Montgomery County was adopted, any refer-
ence to Chapter 386 of the Acts of 1892, or any reference to
the subject with which that Act dealt.    But Section 4 of
Chapter 790 of the Acts of 1912 expressly provides: "That
all laws and parts of laws now in force relating or applicable
to Montgomery County, and not included in this Act, and not
inconsistent with this Act, * * * shall be and they are con-
tinued until changed or repealed * * * by the General Assem-
bly of Maryland," etc.    It cannot be said, therefore, that
Chapter 386 of the Acts of 1892 was repealed by its omis-
sion from the Code of Public Local Laws of Montgomery
County as adopted by Chapter 790 of the Acts of 1912.

It follows from what has been said that the orders ap-
pealed from in this case must be reversed.

> *Orders reversed, injunction dissolved and bill dis-*
> *missed, with costs to the appellants.*