# WILLIAM D. GOULD

## *vs.*

# THE MAYOR AND CITY COUNCIL OF BALTIMORE,
### ET AL.

*Constables in Baltimore City: compensation and duties.
Municipal ordinances: when have
effect of local law.*

The Constitution, Article 4, section 42, provides that constables in Baltimore City shall have such duties and compensations as theretofore, or such as shall be thereafter prescribed by law.                                                    p. 537

Under section 206 of the new charter of Baltimore City (Chapter 123 of the Acts of 1898), the duties and compensation of constables are the same as they were or as thereafter prescribed by law or by ordinance.                     pp. 536-537

Under this Article, the Legislature has power to change the law and prescribe compensation by salaries instead of by fees, and may prescribe different duties for such constables; and the Legislature has power to delegate and confer on the Mayor and City Council of Baltimore the power to pass ordinances to accomplish the same purposes.                   p. 537

An ordinance, passed in pursuance of an express legislative authority, is a law within the meaning of the Constitution, and has the same effect as a local law, and may prevail over a general law upon the same subject.                      p. 538

Ordinance of the Mayor and City Council of Baltimore No. 202, approved December 17, 1911, prescribing the duties of constables and changing their compensation from fees to salaries, passed in pursuance of express legislative authority, is as valid and binding a law for Baltimore City as though passed by the Legislature itself.                       pp. 538-539

The new Charter of Baltimore City, Chapter 123 of the Acts
of 1898, and the ordinance of December 17, 1911, supersedes
the provisions of the general law found in Article 20 of the
Code of 1888, in so far as the same relates to Baltimore City.

p. 540

*Decided April 10th, 1913.*

Appeal from the Circuit Court No. 2 of Baltimore City
(STUMP, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CON-
STABLE, JJ.

*Edward M. Hammond* (with whom was *Charles C. Wal-
lace* on the brief), for the appellant.

*S. S. Field,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This controversy presents the question of the validity or
invalidity of an Ordinance No. 202, passed by the Mayor
and City Council of Baltimore, approved December 17th.
1912, prescribing the duties and compensation of constables
in the City of Baltimore.

The appellant is a taxpayer of that City and filed this
bill against the appellees for an injunction to restrain the
City from paying the constables the salaries fixed by the
ordinance.

The validity of the ordinance is assailed upon the ground
that the Mayor and City Council of Baltimore are not
authorized to change the compensation of constables from
fees as fixed by sections 14, 15 and 17 of Article 36 of the
Code to salaries, or to change their duties, as specified in
Article 20, of the Code.

The case was heard upon bill, answers and agreement of counsel, and from an order of Court holding that the ordinance was valid and dismissing the plaintiff's bill, this appeal has been taken.

The title of the ordinance here attacked is an ordinance to appoint two constables for each of the twenty-four wards of the City of Baltimore in the place of those appointed by Ordinance No. 87, approved March 12, 1912, who failed to qualify, and to prescribe their several and respective duties and compensation.

The object and purpose of the ordinance as will be seen, by a reference thereto, was to appoint forty-eight constables, two for each of the twenty-four wards of Baltimore City, specifying their duties, and paying them salaries instead of fees.

Prior to the passage of this ordinance the constables of the City received their compensation in fees as set out in a schedule of fees, contained in sections 14, 15 and 17 of Article 36 of the Code of Public General Laws of the State and their duties were prescribed in section 4 of Article 20 of the Code.

The contention of the appellant is that the method of changing the duties of constables in the City and substituting salaries for fees as provided by the ordinance, is without warrant and authority of law, because the existing statute law prescribes their duties and provides that their compensation shall be by way of fees. Sections 14, 15 and 17 of Article 36, Code (1912); Article 20, Code (1912).

The answer to this contention, it seems to us, will be found in the Acts of 1898, Ch. 123, the New Charter of Baltimore City. Section 206, paragraphed Constables, reads as follows: "There shall be two constables for every ward of the City of Baltimore, who shall be appointed by the Mayor and City Council of Baltimore and hold their offices for two years. Their duties and compensation shall be the same

as are now or may hereafter be prescribed by law or ordinances".

The language of this section is clear and unambiguous, and it distinctly provides that the duties and compensation of the constables of the City of Baltimore shall be the same as are now or may hereafter be prescribed either by law or ordinances.

It is certain that the Legislature possessed the power to change the law and could by a valid law prescribe salaries instead of fees, and also provide different duties for constables of Baltimore City.

Article 4, section 42 of the Constitution provides, that "the Mayor and City Council of Baltimore shall appoint such number of constables for the wards of the City of Baltimore as are now or may be hereafter prescribed by law. And the constables so appointed and commissioned shall hold their office for two years and shall have such *duties* and *compensation* as hath been heretofore exercised or shall be hereafter prescribed by law.

In *Levin* v. *Hughes,* 118 Md. 624, the Act of 1912, Ch. 823, was declared invalid, because of the mode and manner provided for the appointment of constables under that Act; yet, it was distinctly held that the Legislature would have the power to change the compensation and to prescribe new and additional duties to be performed by the constables of the City.

The attempt to prescribe the duties and to fix salaries in place of fees for constables in that Act failed because the other provisions of the Act relating to constables were stricken down.

It would seem, therefore, to be perfectly clear that as the Legislature had the right and power to change at any time the duties and compensation of constables, it could also delegate and confer upon the City the power to pass ordinances to accomplish the same purpose.

It is well settled that an ordinance passed in pursuance of express legislative authority is a law and has the same effect as a local law, and it may prevail over a general law upon the same subject. *Balto.* v. *Clunet,* 23 Md. 449; *Hammond* v. *Haines,* 25 Md. 541; *Rossberg* v. *State,* 111 Md. 394; *New Orleans Water Works* v. *New Orleans,* 164 U. S. 471; *Walla Walla* v. *Water Co.,* 172 U. S. 1; 2nd *Dillon on Mun. Cor.,* sec. 573; *2nd McQuillan on Mun. Cor.* 643, notes pp. 1409 and 1412.

In *Rossberg* v. *State, supra,* it is said, when the Legislature has authorized a municipal corporation to pass ordinances to protect the public health and to exercise the power of the State, an ordinance is valid which imposes different or additional penalties for an offense already punishable under the general penal law of the State.

JUDGE PEARCE, in delivering the opinion of the Court in *Rossberg's case* fully reviewed the previous decisions of this and other Courts upon the power of municipal corporations to pass ordinances, in pursuance of legislative authority and we need not extend this opinion by a further discussion of that question.

In *Balto.* v. *Clunet,* 23 Md. 449, JUDGE BARTOL said where jurisdiction and power to legislate upon a given subject have been conferred by law upon a municipality, every intendment and presumption ought to be made in support of their acts, and Courts of justice should never pronounce them void, unless their nullity and invalidity are placed beyond reasonable doubt. *Wellington* v. *Petitioners,* 16 Pick. 95-97.

In the case at bar the Legislature having delegated and conferred upon the Mayor and City Council of Baltimore the legislative power, under a special provision of the charter, to pass ordinances prescribing the duties and compensation of constables in Baltimore City, and the municipality in pursuance of this express legislative authority having passed Ordinance No. 202, here in dispute, it follows that the ordi-

nance so passed is as valid a local law for Baltimore City as if it had been passed by the Legislature itself.

This being so and section 206 of the Charter (Acts of 1898, Ch. 123) being enacted subsequent to the provision of the Code of Public General Laws, Code 1888, it is well settled, by authority that the ordinance passed in pursuance thereof, approved December 17, 1912, would supersede the provisions of the General Law (1888), relating to the duties and compensation of constables. *McCracken* v. *State*, 71 Md. 153; *DeMurguiondo* v. *Frazier*, 63 Md. 94; *Leitch* v. *Leitch*, 114 Md. 336; *Rossberg* v. *State*, 111 Md. 394; *Balto.* v. *Clunet*, 23 Md. 449.

As to the distinction between ordinances passed in pursuance of an express legislative power, and those passed under the general power upon subjects within the police power, we need go into no discussion, because we are all of the opinion that it was the intention of the Legislature to transfer to the Mayor and City Council of Baltimore, the local authorities, the express power and authority to pass ordinances to regulate the duties and compensation of constables in the City of Baltimore and this was done by the insertion of section 206, in the New Charter, when they passed the Act of 1898, Chapter 123.

The addition of the word "ordinances" in section 206 of the New Charter (1898), when the power did not exist under the previous law, Art. 4, sec. 632 (Public Local Laws of 1888), would be useless and of no effect, unless the Legislature intended thereby to confer this express power upon the city, to prescribe by ordinances the duties and compensation of constables.

It is also contended that section 42 of Article 4 of the Constitution provides that the duties and compensation of constables shall be such "as hath been heretofore exercised or shall be hereafter prescribed by law," and hence the Legislature could not delegate the power to the city to regulate the duties and salaries by ordinance, but it should be by a law of the Legislature itself.

In view of the repeated decisions, holding that an ordinance passed by legislative authority is a law within the meaning of that term, as used in Constitutions, we have no hesitation in holding that this objection is not well founded.

In *New Orleans Water Works* v. *New Orleans,* 164 U. S. 471, Mr. JUSTICE HARLAN, in delivering the opinion in that case, said, the passage of ordinances by municipal bodies by virtue of powers delegated by the Legislature are legislative acts which a Court of Equity will not enjoin. And to the same effect is the case of *Walla Walla* v. *Water Co.,* 172 U. S. 1, and such is the rule of construction adopted by the State Courts and standard text-writers cited in the previous part of this opinion.

We, therefore, hold, that ordinance No. 202, was passed by the City in pursuance of authority expressly conferred and delegated by the New Charter of Baltimore City (1898), and being properly passed, it supersedes the general law, so far as Baltimore City is concerned in relation to the compensation and duties of constables.

As we are of the opinion that the ordinance in question is a valid legislative act, we find it unnecessary to express an opinion upon the ordinance appointing Louis A. Lingerman a constable for the 21st Ward. It is stated in the appellee's brief that Lingerman is not now a constable, having resigned the office, in writing to the Mayor of the City, subsequent to the hearing of this case.

This Court, however, in *Little* v. *Schul,* 118 Md. 454, decided, that ordinance No. 87, was a valid ordinance, and in *Claude* v. *Wayson,* 118 Md. 477, decided that constables do not hold over, but their term ends at the expiration of the two years for which they are appointed, if appointed at the beginning of the term or at the expiration of the term where a vacancy has occurred.

So without discussing other questions, we will affirm the order appealed from, dismissing the bill, and dissolving the *nisi* order for an injunction passed on the bill.

*Order affirmed, the appellant to pay the costs.*