# COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed November 23, 1927.

CHARLES A. SOHL, CHARLES F. MOSHER, EDWIN J. BURKE, HARRY J. MALONEY, MATHIAS SHEA, FRANK WESTRICH, JOHN C. MURRAY, WM. (WILLIAM) R. MASON, BERNARD J. McELROY AND JOHN BOHL

VS.

WILLIAM F. BROENING, MAYOR; R. WALTER GRAHAM, COMPTROLLER; HOWARD BRYANT, PRESIDENT OF THE CITY COUNCIL; ANTHONY WALTER KRAUS, CITY SOLICITOR, AND CHARLES F. GOOB, CHIEF ENGINEER, BEING AND CONSTITUTING THE BOARD OF ESTIMATES OF THE MAYOR AND CITY COUNCIL OF BALTIMORE, A MUNICIPAL CORPORATION.

*Charles C. Wallace* and *Edward H. Hammond* for petitioners.

*A. Walter Kraus,* City Solicitor; *Simon E. Sobeloff,* Deputy City Solicitor, and *Lindsay C. Spencer,* Assistant City Solicitor, for respondents.

O'DUNNE, J.—

Judge Stanton and I are in entire accord on all the points involved.

From the petition, answer and demurrer to answer, we are of the opinion:

1. That the ten constables on May 16th, 1927, were duly appointed, qualified and acting constables, pursuant to the ordinance passed by the City Council, approved May 16th, 1927, by the then Mayor.

2. That the office of Constable is a "public office" under the Constitution of Maryland, for a definite term of two years.

3. That their term of office of two years began on the third Monday in May, the date of their appointment and qualification, May 16th, 1927.

4. That Sec. 35 of Art. 111 of the Constitution applies to said constables as such public officers, to wit:

"*Nor shall the salary or compensation of any public officer be increased or diminished during his term of office.*"

Little vs. Schul, 118 Md. 454.

Levin vs. Hewes, 118 Md. 624.

Gould vs. Baltimore, 120 Md. 534.

5. That it is, therefore, beyond the power of the City Council, or the Legislature itself, to either diminish the number of those constables validly appointed, or to reduce the amount of their salary or compensation *during the tenure of their two years term of office*, and this, irrespective of the judgment of the Board of Estimates as to the present necessity for the number so appointed, or as to the amount of their salary already fixed by law as to their present term of two years, from May 16th, 1927.

6. That the high prerogative writ of mandamus is a proper remedy to invoke in the case presented on the pleadings.

7. That the mere fact that there is also another, though perhaps not wholly adequate or entirely *satisfactory* remedy, such as suing for salary at the People's Court as the same becomes due each two weeks, is not, *of itself*, a *complete* legal answer as to why it should not issue in this case.

Levin vs. Hewes, 118 Md. 624, was a case in which mandamus was applied for to compel one of the old line justices of the peace to remove a case to the People's Court. Petition for mandamus was dismissed "upon the ground that the applicant had a right to appeal from any judgment which the justice might render, to the Baltimore City Court, and before that tribunal, the petitioner could have the equity and right of his case determined."

The action of the lower Court was *reversed.* The Court of Appeals said (at page 630):

"*But it is not enough that a tribunal should be found in which a litigant can have his case fairly heard and determined; he is entitled to have it so heard and determined in the forum provided by law.*"

8. We further recognize that there is a large question of *public policy* not to be wholly lost sight of in our ultimate action in this case. The budget of the City of Baltimore on which the tax rate of $2.39 has been established for the ensuing year, has been duly advertised, at a cost stated in oral argument of around $4,000. The present issuance of a writ of mandamus would considerably *delay* the action of the City Council on that budget. It would necessitate readvertising the budget, with a consequent loss of some $4,000. It might change the entire tax rate, and cause considerable delay and perhaps great inconvenience.

Therefore, we are *strongly of the opinion*, that if the legal rights of the petitioners can be *adequately* protected, without subjecting the public at large to the manifest inconvenience and loss such course would entail, that it ought, if practicable, be avoided.

On the other hand, we feel that the petitioners *are* public officials under the Constitution, and that they cannot be deprived, either of their office, or of their salary, during their two-year term of office; and that they should not be required to resort to frequent or semi-monthly suits for the collection of their salary, with its incidental unnecessary expense to them; neither should they be left in a situation where no appropriation exists in the present budget for the payment of their salaries, when and as payable. Nor should they be told that it will be necessary for them to wait until next year to be included in the levy in next year's budget, to provide for *this* year's and next year's salary.

We do not know whether the contingent fund in this year's budget is sufficient for the purpose of paying their salaries (should our present views be sustained by the Court of Appeals).

If the City Solicitor gives satisfactory assurances that the "contingent" or other fund, provided in the present budget, is sufficient for that purpose, *and will be used to that end* (in the event our views of the law are sound), we feel that the larger question of public interest would, in such case, justify us, in the exercise of a sound discretion, in *refusing* the mandamus and *dismissing* the petition. Upon such assurances being filed in the case, we

will sustain the demurrer and dismiss the petition of the ten constables. Otherwise the writ will issue.

9. As to the petition of the clerks, we sustain the demurrer and dismiss the petition without any limitation.

---

Filed in proceedings before 4 P. M.
City Solicitor's Office
November 23rd, 1927.

To the Honorable Eugene O'Dunne and Robert F. Stanton,

Judges of the Supreme Bench,

Court House,

Baltimore, Maryland:

Gentlemen — Immediately following the conference had at noon today I communicated to his Honor, the Mayor, your views in respect to the cases of the People's Court Constables and Clerks.

The Mayor instructed me to express his appreciation of the courtesy shown him and the other members of the Board of Estimates by the Judges, and I am authorized by him to say that out of deference to the views expressed by your Honors, the Constables appointed by Ordinance No. 1147 will be paid the salaries provided them by that Ordinance during their present incumbency, in the event that the views expressed by your Honor should become final by affirmance in the Court of Appeals or through the failure of the parties to note an appeal from your action. The salaries will be provided for out of the Contingent Fund or such other fund as may be later determined, but the Constables may be assured that they will not be caused any inconvenience or delay.

Accordingly, I am submitting herewith, for your Honors' signature, separate orders for the dismissal of the petition filed by the Constables and by the Clerks of the People's Court.

Respectfully,

SIMON E. SOBELOFF,

SES/AA            Deputy City Solicitor.

Thereupon petitioners' demurrer to defendants' answer (in Constables' case) sustained, and petition for mandamus refused on the strength of this letter filed in the proceedings.

In Clerks' case, demurrer overruled and petition dismissed.